# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| **JOSEPH BASS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | ) Civil Action No. 2014-0060 |
| | ) |
| **FEDERAL EXPRESS CORPORATION,** | ) |
| | ) |
| **Defendant.** | ) |

**Attorneys:**
**Lee J. Rohn, Esq.,**
**Rhea Lawrence, Esq.,**
St. Croix, U.S.V.I.
    *For Plaintiff*

**Charles E. Engeman, Esq.,**
St. Thomas, U.S.V.I.
**Patrick Daniel Riederer, Esq.,**
Memphis, TN
    *For Defendant*

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Plaintiff's "Motion for Leave to File Brief in Excess of Page Limit," filed on May 5, 2016, wherein Plaintiff requests that the Court accept his forty-one page Opposition to Defendant's Motion for Summary Judgment, which is more than double the twenty-page limit set forth in Local Rule of Civil Procedure 56.1(e). (Dkt. No. 71).[1] On May 10, 2016, Defendant filed its "Opposition to Plaintiff's Motion for Leave to File Brief in Excess of Page Limit" (Dkt. No. 74), and Plaintiff filed his "Reply to Opposition to Motion for Leave to [File] Brief in Excess of Page Limit" on May 19, 2016 (Dkt. No. 75). In its Opposition to Plaintiff's Motion for Leave, Defendant notes—in addition to the excess pages in the brief—

---

[1] In Plaintiff's calculation of the number of pages in his Opposition to Defendant's Motion for Summary Judgment, Plaintiff includes neither the signature page nor the certificate of service. This Court includes the signature page but not the certificate of service and, therefore, concludes that the total number of pages is forty-one.

that Plaintiff's "Response to Defendant's Statement of Undisputed Material Facts" (Dkt. No. 69) contains fifty-two pages, including the certificate of service, and "is argumentative to say the least." (*See* Dkt. No. 74 at 1-2).[2]

Upon consideration of Plaintiff's Motion for Leave to File Brief in Excess of Page Limit, the Court will grant in part and deny in part Plaintiff's Motion and require Plaintiff to file an Opposition that is no more than thirty pages in length. Further, based on the Court's review of Plaintiff's Response to Defendant's Statement of Undisputed Material Facts and Counter Statement of Facts, the Court will require Plaintiff to revise this submission in accordance with the dictates of Local Rule 56.1(b).

## I. BACKGROUND

Plaintiff Joseph Bass ("Plaintiff") brings this action against Defendant Federal Express Corporation ("Defendant" or "FedEx") alleging age discrimination and hostile work environment in violation of the Age Discrimination in Employment Act of 1967 ("ADEA") and the Virgin Islands Civil Rights Act ("VICRA"); wrongful discharge; and a violation of his rights under the Consolidated Omnibus Budget Reconciliation Act, 29 U.S.C. §§ 1161-1169 ("COBRA"). (Dkt. No. 1 at 5-7). He seeks compensatory and punitive damages, pre- and post-judgment interest, and attorney's fees and costs. (*Id*. at 7).

On April 1, 2016, Defendant filed a Motion for Summary Judgment, in which it seeks judgment as a matter of law on all of Plaintiff's claims. (Dkt. No. 63). Defendant's "Memorandum in Support of its Motion for Summary Judgment" is nineteen pages in length (Dkt. No. 64), and its "Statement of Undisputed Material Facts in Support of its Motion for Summary Judgment"

---

[2] In its calculation of the number of pages in Plaintiff's filings, Defendant counts pages that are dedicated to the certificates of service. This Court does not count certificate of service pages and, therefore, concludes that the total number of pages in Plaintiff's Response to Defendant's Statement of Undisputed Material Facts is fifty-one.

contains forty-five paragraphs and is eleven pages long (Dkt. No. 65). Plaintiff timely filed his Opposition to Defendant's Motion for Summary Judgment and his associated Response to Defendant's Statement of Undisputed Material Facts and Counter Statement of Facts. (Dkt. Nos. 70, 69).[3]

In the instant Motion, Plaintiff states that excess pages are necessary because Defendant has moved for summary judgment on all of his claims, and that he "was required to demonstrate that there are genuine disputes of fact." (Dkt. No. 71 at 1). Plaintiff states further that, although he "tried to edit his brief so as to comply with the page limit of LRCi 56.1(e)," excess pages were required "in order to bring necessary facts, legal analysis and arguments to the Court's attention[.]" (*Id*. at 1). Specifically, Plaintiff argues that each of his claims under the ADEA, VICRA, the Virgin Islands Wrongful Discharge Act ("WDA"), and COBRA "require[s] independent legal and factual analysis," in view of differences in the analysis between and among the local and federal claims. (*Id.*).

In its Opposition to the instant Motion, Defendant rejects Plaintiff's argument that the various legal standards governing his claims necessitate excess pages. (Dkt. No. 74 at 1). Defendant asserts that Plaintiff's Opposition to Defendant's Motion for Summary Judgment dedicates "only one and a half pages" to the legal standard for his age discrimination claim under the VICRA; "only two pages" to the legal standard regarding the hostile work environment claim under the VICRA; and that Plaintiff's claims under the ADEA and VICRA "are based on the same facts." (*Id.* at 1-2). Defendant further asserts that "[Plaintiff's] excessively long brief is joined with

---

[3] On May 20, 2016, Defendant filed a "Motion for Extension of Time to File a Reply in Support of its Motion for Summary Judgment" in which it requests that "the Court extend the deadline to file its Reply in support of its Motion for Summary Judgment to 30 days after the Court rules on [Plaintiff's] Motion for Leave." (Dkt. No. 76 at 3). On May 23, 2016, the Court entered an Order staying the deadline for Defendant's Reply in support of its Motion for Summary Judgment, pending further Order of the Court. (Dkt. No. 77). As noted below, this Order sets a new deadline within which Defendant's Reply, if any, must be filed.

3

a 52-page statement of facts that is argumentative to say the least, providing [Plaintiff] in essence with 94 pages of briefing." (*Id.* at 2).

In his Reply to Defendant's Opposition to Motion for Leave, Plaintiff argues that "[in] light of the summary judgement standards, including the burden placed on the nonmoving party to develop the record and cite to all the evidence and facts he has to support his case . . . [he] required additional pages." (Dkt. No. 75 at 3-4 (footnote omitted)). Plaintiff also argues that given "the recent divergence in the analysis of discrimination cases under federal and territorial law . . . Plaintiff was required to analyze the sufficiency of evidence under principles of federal law and the new principles announced in [*Rennie v. Hess Oil Virgin Islands Corp.*, 2015 WL 525941 (V.I. Feb. 6, 2015)]." (*Id.* at 4). Plaintiff also argues that "*Rennie* announced a marked departure on how claims brought under the [WDA] were previously analyzed" and that "in light of *Rennie*" Plaintiff was also required "to predict the standard the Virgin Islands Supreme Court would adopt for analyzing [the] sufficiency of [his hostile work environment claims]." (*Id.* at 4-5).

## II. DISCUSSION

### A. Applicable Legal Principles

Local Rule of Civil Procedure 56.1 governs motions for summary judgment filed pursuant to Rule 56 of the Federal Rules of Civil Procedure. Local Rule 56.1(e) provides:

> No brief shall exceed twenty pages without leave of Court. For this purpose, "brief" does not include the separate statement of material facts. If granted, the same leave shall automatically extend to any responding brief.

LRCi 56.1(e); *see also* LRCi 7.1(d) ("With the exception of exhibits and other supporting documentation, no document filed with the Court shall exceed twenty (20) pages without leave of Court."). Further, Rule 56.1(b), which governs responses to the movant's statement of material facts as to which there is no genuine issue and the opponent's counter statement of facts, provides, in relevant part:

> The respondent must address the facts upon which the movant has relied pursuant to subsection (a)(1), using the corresponding serial numbering and either (i) agreeing that the fact is undisputed; (ii) agreeing that the fact is undisputed for the purpose of ruling on the motion for summary judgment only; or (iii) demonstrating that the fact is disputed. The respondent shall affix to the response copies of, and cite to, the precise portions of the record relied upon as evidence of each material fact. In addition, the respondent may file a concise statement of any additional facts that the respondent contends are material to the motion for summary judgment and as to which the respondent contends there exists a genuine issue to be tried.

LRCi 56.1(b).

As discussed below, the circumstances here present violations of both the letter and spirit of these Rules.

### B. Analysis

#### 1. Plaintiff's Opposition to Defendant's Motion for Summary Judgment

Plaintiff's Opposition to Defendant's Motion for Summary Judgment consists of forty-one pages—more than twice the twenty-page limit provided in the Local Rules. *See* LRCi 56.1(e); *see also* LRCi 7.1(d). This is the *fourth* time that the Court has had to address the page limit issue with counsel for Plaintiff. *See Moore v. U.S. Virgin Islands Department of Tourism*, 1:14-cv-0081-WAL-GWC (D.V.I. June 10, 2016), Dkt. No. 61 at 4-5; *Kelly Kantz v. University of the Virgin Islands*, 1:08-cv-0047-WAL-GWC (Apr. 15, 2013), Dkt. No. 109; *Galloway v. Islands Mechanical Contractor, Inc.*, 1:08-cv-0071-WAL-GWC (Apr. 3, 2012), Dkt. No. 158. Notwithstanding the earlier admonitions of the Court, counsel for Plaintiff continues to file oppositions that are approximately double the twenty-page limit without sufficient justification for doing so.

Plaintiff's assertion that excess pages are required because each of his claims "require[s] independent legal and factual analysis" (Dkt. No. 71 at 1), falls flat in light of this Court's earlier holdings that it is "unpersuaded by [the] argument that presentation of a case with several claims necessitates an extension of the page limit." *Kantz*, 1:08-cv-0047-WAL-GWC, Dkt. No. 109 at 2

5

(quoting *Galloway*, 1:08-cv-0071-WAL-GWC, Dkt. No. 158 at 3). This is especially true where—as noted by Defendant—many of Plaintiff's claims "are based on the same facts." (Dkt. No. 74 at 1-2). Similarly unpersuasive is Plaintiff's assertion that excess pages are required to bring necessary facts and analysis to the Court's attention given the "summary judgement standards, including the burden placed on the nonmoving party to develop the record and cite to all the evidence and facts he has to support his case." (Dkt. No. 75 at 3-4). This argument, which can be advanced as a justification for excess pages in virtually any opposition to a motion for summary judgment, contravenes the Court's position that it will not grant extensions of the page limit as a matter of course. *See Kantz*, 1:08-cv-0047-WAL-GWC, Dkt. No. 109 at 2. Moreover, even assuming the existence of the "new principles announced in *Rennie*" (Dkt. No. 75 at 4), Plaintiff has failed to convince the Court that the circumstances here warrant twenty-one additional pages. The fact that a pleading requires analysis of both federal and territorial law, or that there has been a recent development in the applicable law, does not—without more—give a party license to exceed the page limits prescribed in the Rules of Civil Procedure.[4]

While recognizing that both federal and territorial law apply here and that several claims are at issue, the Court does not agree that Plaintiff needs more than double the number of pages prescribed by the Local Rules to adequately address the arguments raised in Defendant's Motion for Summary Judgment. Accordingly, the Court will limit the number of excess pages to ten, and require Plaintiff to refile his Opposition to Defendant's Motion for Summary Judgment within the thirty-page maximum. Plaintiff shall not advance any new arguments or cite any new authorities

---

[4] Counsel's penchant for exceeding the page limit by a large number of pages has not gone unnoticed by the Court. As noted earlier, this is the fourth time that counsel's excess pages have had to be addressed by the Court in the context of oppositions to motions for summary judgment. Counsel's thirty-seven page Opposition in *Galloway*, its thirty-nine page Opposition in *Kantz*, and its thirty-seven page Opposition in *Moore* were each accompanied by similar excuses for the magnitude of the excesses that were rejected by the Court. The excuses fare no better here.

in his revised Opposition.

### 2. Plaintiff's Response to Defendant's Statement of Facts and Counter Statement of Facts

In its Opposition to the instant Motion, Defendant objects to both the length and style of Plaintiff's Response to Defendant's Statement of Undisputed Material Facts. (*See* Dkt. No. 74 at 2 (noting that Plaintiff's "52-page statement of facts . . . is argumentative to say the least" and that it, together with the Response to Defendant's Motion for Summary Judgment, "provid[es] him in essence with 94 pages of briefing")).[5] While the Local Rules do not prescribe a maximum number of pages for a party's response to the opponent's statement of undisputed facts or the counter statement of facts, Defendant's point is well taken and highlights an issue that the Court feels compelled to address yet again with Plaintiff's counsel.

This is the *fourth* time that the Court has found it necessary to address this topic with counsel for Plaintiff. *See Moore*, 1:14-cv-0081-WAL-GWC, Dkt. No. 61 at 5-8; *Kantz*, 1:08-cv-0047-WAL-GWC, Dkt. No. 109 at 3-7; *Galloway*, 1:08-cv-0071-WAL-GWC, Dkt. No. 204 at 2 n.1. Once again, the Response to Defendant's Statement of Undisputed Facts "contravenes the purpose and spirit of Local Rule 56.1(b) in that the individual responses 'are—in various parts— non-responsive, argumentative, . . . and improperly used by Plaintiff to argue [his] case-in-chief. Such responses serve only to obscure, not clarify, the issues.'" *Kantz*, 1:08-cv-0047-WAL-GWC, Dkt. No. 109 at 3 (quoting *Jerome v. Water Sports Adventure Rentals & Equipment, Inc.*, 1:09-cv-0092-WAL-GWC (Feb. 26, 2013), Dkt. No. 214 at 3 n.3); *see also Moore*, 1:14-cv-0081-WAL-GWC, Dkt. No. 61 at 5-8; *Galloway*, 1:08-cv-0071-WAL-GWC, Dkt. No. 204 at 2 n.1.

---

[5] In the instant case, Defendant filed an eleven-page Statement of Undisputed Material Facts. (Dkt. No. 65). Plaintiff, in turn, filed a thirty-five-page Response to Defendant's Statement of Material Facts and a sixteen-page Counter Statement of Facts, all of which is contained in a document that is fifty-one pages long. (Dkt. No. 69).

7

For example:

- Defendant's Statement of Undisputed Material Fact No. 8 provides:

    Employee Handbooks are distributed to employees, and employees have access to the People Manual within the workplace. Plaintiff, Joseph Bass, received copies of the FedEx Employee Handbook in September 2010 and June 2012.

    (Dkt. No. 65 at 2-3 (citation to exhibits omitted)).

    Plaintiff's response states:

    Admit that Plaintiff received FedEx's Employee Handbook, but FedEx admittedly does not distribute its "People Manual" to employees and Plaintiff did not know what it was. In the Employee Handbook, there is a statement that "Your manager will make the People Manual available to you upon request." Significantly, it is FedEx's People Manual, which Fed Ex does not distribute to its employees that delineates what constitutes company violations, the steps for disciplinary polic[i]es and procedures, including grievance appeal procedures, and FedEx's stated "Acceptable Conduct Policy," upon which FedEx based its discipline and termination of Plaintiff. Since FedEx does not distribute its People Manual's "Acceptable Conduct Policy" to employees, Plaintiff had no knowledge of FedEx's "Acceptable Conduct Policy" until he received a warning/suspension letter in November, 2013 that referenced the policy in the letter. He testified that he had never before had a situation where this Acceptable Conduct Policy was brought to his attention.

    Defendant also based Plaintiff's wrongful termination upon his alleged "repeated violation of FedEx's 'Acceptable Conduct Policy.'"

    Fed Ex violated its own policy set forth in its November 13, 2013 Warning Letter and its "Acceptable Conduct Policy" that Bass would be subject to termination only after "three notifications of deficiency (i.e. any combination of warning letter and/or performance reminders) received within a 12 month period." However, Camacho terminated Plaintiff immediately upon the next allegation that Plaintiff had delivered a package that was not cleared by Customs which was only two alleged infractions.

    (Dkt. No. 69 at 24-25 (citations to exhibits and footnote omitted)).

- Defendant's Statement of Undisputed Material Fact No. 27 provides:

    On or about June 2013, Camacho verbally counseled Bass for delivering a package without Customs' clearance. On that occasion, Bass delivered a document package that was on Customs' target list.

8

(Dkt. No. 65 at 7).

Plaintiff's response, which covers over two pages, states in part:

> Deny. Fed Ex has absolutely no documentation of such an alleged counseling and Dean Camacho is required to document any verbal counseling of an employee in FedEx's Online Documented Compliment/Counseling (OLCC) system. "[C]ounselings must be documented in the intranet OLCC system even if no separate written memo or synopsis of the discussion was prepared by the manager." Furthermore, it was an improper violation of FedEx's own People Manual for FedEx to consider this alleged undocumented counseling as a factor in terminating Plaintiff because according to the People Manual, **only "[a] documented counseling OLCC entry . . . may be considered as a factor when determining whether discipline is warranted**."
>
> . . . .
>
> FedEx's policy requires that before an employee can be terminated, "an employee's entire employment history is reviewed and taken into consideration when evaluating patterns of misconduct." The People Manual notes very clearly:
>
>> When an employee receives a second deficiency notification within 12 months (e.g., a Warning Letter and/or Performance Reminder), the second deficiency notification should advise the employee that **termination normally occurs if a third notification is received within a 12-month period**, regardless of the type of the third notification.
>
> In this case, Plaintiff received a first Warning Letter on November 2013 for allegedly failing to get Customs clearance on a package prior to delivery. That letter does not claim to be a 'second' warning, and indeed it does not refer to any previous discipline of Plaintiff that would constitute a "first" warning. However, the November 13, 2013 letter specifically states that "three notifications of deficiency . . . received within a 12 month period may result in your termination," and Plaintiff never received "three" notifications of deficiency within 12 months to warrant his dismissal. The February 18, 2014 letter regarding the mistaken delivery to Tropical Shipping on February 10, 2014 would be the "second" deficiency notification and should have advised Plaintiff that termination would occur if he received a third deficiency notification per the People Manual. However, Camacho in his quest to terminate Plaintiff, fabricated a previous "verbal counseling" of June 2013, which was never recorded as required by the People Manual into FedEx's OLCC system, and Camacho also failed to review and take into consideration Plaintiff's entire 14-year employment history with FedEx, as required by the People Manual, which would have shown Plaintiff's excellent performance record as a FedEx courier, with consistent scores of 98% on his evaluations every year.

9

> Camacho admitted that there were no complaints about Plaintiff performing his job duties and that Plaintiff received "very good scores" on his performance evaluations and Camacho witnessed Bass' excellent relationship with his customers.
>
> (Dkt. No. 69 at 36-39 (citations to exhibits and footnote omitted) (emphasis in original)).

The foregoing is "illustrative of the types of non-responsive, argumentative, and otherwise improper responses to Defendant's Statement of Facts provided by Plaintiff." *Kantz*, 1:08-cv-0047-WAL-GWC, Dkt. No. 109 at 6. The substance, style and length of such responses clearly demonstrate that they are being "improperly used by Plaintiff to argue [his] case-in-chief." *Id.* As the Court has stated previously, it "will not sift through pages of non-responsive argument or inappropriate elaborations of responses." *Moore*, 1:14-cv-00081-WAL-GWC, Dkt. No. 61 at 7 (quoting *Kantz*, 1:08-cv-0047-WAL-GWC, Dkt. No. 109 at 6-7) (quotations omitted).

Further, Local Rule 56.1(b) provides for "a *concise* statement of any additional *facts* that the respondent contends are material to the motion for summary judgment and as to which the respondent contends there exists a genuine issue to be tried." LRCi 56.1(b) (emphasis added). Illustrative of Plaintiff's submission under this Rule is his Counter Statement of Fact No. 59, which provides:

> Camacho wanted to get rid of Plaintiff and he fired him for no other reason than his age because Plaintiff was following the policies and procedures that Camacho himself had authorized in the St. Croix FedEx office of delivering certain packages while waiting for brokers to complete US Customs clearance and of FedEx employees verbally giving the go-ahead for delivery on packages while the couriers are out in the field, even though they do not have the stamped Airway Bill in their possession. (Exhibit 16, Email from Senior Manager, Kenneth Mondesir, dated Feb. 13, 2014, to Jeff Thornton, "The employee said that he delivered the shipment because his co-worker said it was cleared. However, **our procedures and instructions are clear**, do not deliver any non-documented shipment unless you have the stamped [airway bill] AWB copy in our possession from US Customs and Border Protection.") (emphasis added). Mondesir was clearly unaware that under Camacho that procedure was not being followed in St. Croix. (Exhibit 2, Pl's Depo., at 169-171, 186, 218-225; Exhibit 6, Shillingford Depo., at 9; Exhibit 3, Camacho Depo at 153). Numerous FedEx Airway Bills evidence this procedure in the St.

Croix office under Camacho. (Exhibit 19, Bass v FedEx, Unemployment Insurance Appeal Hearing, May 5, 2014, at 222-229)(Exhibit 20, Airways Bills attached as Exhibit 10 to Unemployment Hearing).

(Dkt. No. 69 at 13-14 (emphasis in original)). It is difficult to discern how this Counter Statement of Fact complies with either the letter or spirit of Local Rule 56.1(b).

In view of the foregoing, the Court will require Plaintiff to revise his Response to Defendant's Statement of Undisputed Material Facts and Counter Statement of Facts in accordance with the dictates of Local Rule 56.1(b).

## **ORDER**

**UPON CONSIDERATION** of the foregoing, and the entire record herein, it is hereby

**ORDERED** that Plaintiff's "Motion for Leave to File Brief in Excess of Page Limit" is **GRANTED IN PART AND DENIED IN PART**; and it is further

**ORDERED** that Plaintiff shall be allowed an additional ten pages, and therefore Plaintiff's Memorandum of Law in Opposition to Motion for Summary Judgment shall not exceed thirty (30) pages in length; and it is further

**ORDERED** that Plaintiff shall have up to and including **July 27, 2016**, within which to refile his Memorandum of Law in Opposition to Motion for Summary Judgment within the thirty-page maximum; and it is further

**ORDERED** that Plaintiff shall not advance any new arguments or cite any new authorities in his revised Opposition; and it is further

**ORDERED** that Plaintiff shall have up to and including **July 27, 2016**, within which to refile his Response to Defendant's Statement of Undisputed Material Facts and Counter Statement of Facts in compliance with Local Rule 56.1(b); and it is further

**ORDERED** that Defendant shall have up to and including **August 10, 2016**, within which to file a Reply, if any, to Plaintiff's Opposition; and it is further

**ORDERED** that the thirty-page maximum shall automatically extend to any Reply filed by Defendant, as provided in Local Rule of Civil Procedure 56.1(e).

**SO ORDERED**.

Date: July 13, 2016  _____/s/_____
  WILMA A. LEWIS
  Chief Judge