NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF ST. CROIX

JOSEPH BASS,

    Plaintiff,

v.

FEDERAL EXPRESS CORPORATION,

    Defendant.

Civ. No. 14-0060

**OPINION**

THOMPSON, U.S.D.J.[1]

    This matter comes before the Court upon a motion for summary judgment brought by Defendant Federal Express Corporation ("Defendant" or "FedEx"). (ECF Nos. 63, 64, 65). Plaintiff Joseph Bass ("Plaintiff") opposes. (ECF Nos. 79, 80, 69). The Court has issued the Opinion below based upon the written submissions and without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Defendant's Motion for Summary Judgment will be granted in part and denied in part.

## BACKGROUND

    This case centers on Defendant's termination of Plaintiff's employment. Plaintiff alleges five counts: (1) age discrimination and (2) hostile work environment under the Age Discrimination in Employment Act of 1967 ("ADEA") (29 U.S.C. §§ 621-634); (3) age discrimination and hostile work environment under "Virgin Islands Statutes" (Compl. Count III, ¶ 48, ECF No. 1); (4) wrongful discharge under Virgin Islands law, and (5) violation of the

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

Consolidated Omnibus Budget Reconciliation Act ("COBRA") (29 U.S.C. §§ 1161–1169). (Compl., ECF No. 1). Plaintiff's undisputed allegations are as follows:

Plaintiff worked as a courier for Defendant from 2000 through 2014. (Def.'s Resp. to Pl.'s Counterstatement of Facts ¶ 1, ECF No. 82 ("Def.'s Resp. Pl.'s Facts")). On November 13, 2013, Defendant disciplined Plaintiff for delivering a package that had not cleared United States Customs by issuing a warning letter and imposing a three-day suspension. (*Id.* ¶¶ 40, 46). The letter warned Plaintiff that the delivery of packages without Customs clearance is prohibited and that "recurrent patterns of behavior will not be tolerated." (*Id.* ¶ 53). On February 10, 2014, Plaintiff delivered another package that had not cleared customs. (*Id.* ¶¶ 55–60, 63). Plaintiff says he was told by a coworker, Dianne Shillingford, that it had cleared Customs; Defendant says that Shillingford told Plaintiff "a" package to that recipient had cleared Customs, but not the package in question. (*Id.*) On February 18, 2014, Defendant terminated Plaintiff's employment. (*Id.* ¶ 72).

Defendant has moved for summary judgment on all counts. This motion is presently before the Court.

## **LEGAL STANDARD**

Summary judgment shall be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A dispute is "genuine" if it could lead a "reasonable jury [to] return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it will "affect the outcome of the suit under the governing law." *Id.* When deciding the existence of a genuine dispute of material fact, a court's role is not to weigh the evidence; all reasonable "inferences, doubts, and issues of

credibility should be resolved against the moving party." *Meyer v. Riegel Prods. Corp.*, 720 F.2d 303, 307 n.2 (3d Cir. 1983). In resolving a motion for summary judgment, a district court considers the facts drawn from "the pleadings, the discovery and disclosure materials, and any affidavits." *Curley v. Klem*, 298 F.3d 271, 276–77 (3d Cir. 2002) (internal quotations omitted). The court must determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). More precisely, summary judgment should be granted if the evidence available would not support a jury verdict in favor of the nonmoving party. *Id.* at 248–49. The Court must grant summary judgment against any party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322.

## ANALYSIS

I. **ADEA Statute of Limitations**

Counts One and Two of the Complaint allege causes of action based on the ADEA. Defendants argue that these claims are untimely and, therefore, these claims should be dismissed.

The ADEA requires a plaintiff to exhaust his administrative remedies before filing a lawsuit. *See* 29 U.S.C. § 626(d)(2). If the Equal Employment Opportunity Commission (EEOC) denies the plaintiff relief, the plaintiff may file a complaint in the federal courts within 90 days. *Id.* § 626(e).

In this case, Plaintiff received EEOC's denial of relief and Notice of Rights on June 5, 2014. (Def.'s Reply to Pl.'s Resp. to Def.'s Facts ¶ 44, ECF No. 80). Therefore, Plaintiff had until and including September 3, 2014 to file his Complaint. Plaintiff filed his Complaint on

September 16, 2014. (Pl.'s Resp. to Def.'s Statement of Facts ¶¶ 44–45, pp. 33–34, ECF No. 80). This is thirteen days late and out of time.

Plaintiff argues that Defendant failed to assert in its answer the affirmative defense that the ADEA claim was out of time. (Pl.'s Opp'n at 24, ECF No. 79). Instead, Defendant only made a general statement that "[i]nsofar as Plaintiff seeks recovery against Defendant based on any alleged claims which are barred by the applicable statute of limitations, the applicable contractual limitations period, or other timeliness requirements, said claims should be dismissed." (*Id.* citing Ans., Defenses ¶ 2, p. 9, ECF No. 7). Plaintiff argues that this general statement was insufficient, and the statute of limitations argument should be dismissed as waived.

Defendant's general statement of a statute of limitations defense is sufficient under the law. *See Sharp v. Johnson*, 669 F.3d 144, 158 (3d Cir. 2012). The statute of limitations is a waivable defense, and a party should assert a statute of limitations defense in its first responsive pleading. Fed. R. Civ. P. 8(c)(1); Yusuf v. Hamed, 59 V.I. 841, 849 n.4 (V.I. 2013). In this case, Defendant asserted a statute of limitations defense in its answer, which was Defendant's first responsive pleading.

Plaintiff argues Defendant's statement was too general to serve as a sufficient assertion of a statute of limitations defense. The Third Circuit has stated that "affirmative defenses may be raised at any time . . . so long as the plaintiff suffers no prejudice." *Sharp v. Johnson*, 669 F.3d 144, 158 (3d Cir. 2012). In this case, Defendant's general assertion of statute of limitations defenses put Plaintiff on notice that these defenses could come into play. Furthermore, the parties would have had to pursue similar discovery for the VICRA claims as they did for the ADEA claims. Thus, even if Defendant's statement was insufficient, Defendant's assertion of

the statute of limitations defense at this time would not prejudice Plaintiff and would be proper. Plaintiff filed his ADEA claim after the statutory deadline had expired. Therefore, the ADEA claims (Counts I and II) will be dismissed as out of time.

**II.     VICRA Age Discrimination and Hostile Work Environment (Count III)**

While Plaintiff does not specify in the Complaint which "Virgin Islands statutes" he sues under, Defendant presents its summary judgment motion based on the Virgin Islands Civil Rights Act ("VICRA") (specifically, 10 V.I.C. § 64(1)(a)) and Plaintiff does not dispute that basis. (Def.'s Br. at 2, ECF No. 64; Opp'n at 6, ECF No. 79). Thus, the Court will interpret Count III as a section 64(1)(a) VICRA claim.

*1. Age Discrimination*

Section 64(1)(a) states: "It shall be an unlawful discriminatory practice: (a) For an employer, because of age, race, creed, color, national origin, place of birth, sex, disability and/or political affiliation of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment." 10 V.I.C. § 64(1)(a). This statute is extremely general. When dealing with racial discrimination VICRA claims, the Virgin Islands Supreme Court has expressed a preference for directly interpreting the statute, rather than using the federal equivalent as a guide. *See Rennie v. Hess Oil Virgin Islands Corporation*, 2015 WL 525941, at *11–12 (Feb. 6, 2013) (addressing 10 V.I.C. § 3). The Virgin Islands Supreme Court has not yet provided guidance regarding age discrimination claims under VICRA, which are not present in section 3 of the statute. Therefore, the Court will consider the statute and other existing guidance in the jurisdiction.

There is no substantive case law from the Virgin Islands Supreme Court or lower Territory courts that interpret this statute in an age discrimination case.[2] The only case in the District of the Virgin Islands to deal with the substance of this statute analyzed the VICRA age discrimination claim under the ADEA standard and the *McDonnell Douglas* framework. *Haynes-Ross v. Hovensa LLC*, 2015 WL 1882873, at *2 (D.V.I. Apr. 23, 2015) (collecting cases). However, the Virgin Islands Supreme Court disfavored the *McDonnell Douglass* framework in *Rennie*, at least for race discrimination claims. 2015 WL 525941, at *11–12 (addressing 10 V.I.C. § 3).

Defendant argues that a plain-language interpretation of "because of" in the statute means that age must be the "but-for" cause of termination. (Def.'s Br. at 7–8; Reply at 14). Plaintiff argues the statutory language means Plaintiff need only show he was discharged "at least in part, because of his age." (Opp'n at 7). A plain reading of the statute does not support Plaintiff's interpretation.

Plaintiff does not dispute that Plaintiff delivered packages that had not cleared Customs on two occasions—October 2013 and February 2014. (*Id.* ¶¶ 44, 66, 71; Pl.'s Resp. to Def.'s Facts ¶ 55–60, 63). The parties dispute whether those deliveries were the bona fide reason for Plaintiff's termination. (Def.'s Resp. to Pl.'s Facts ¶¶ 44, 66, 71). Defendant argues that Plaintiff was terminated for delivering packages that had not cleared Customs, in violation of law and company policy, and after being warned that a subsequent violation could lead to termination. (*Id.* ¶¶ 40, 46). Plaintiff argues that Defendant's nondiscriminatory reason is mere pretext and he was actually terminated because of his age. (Pl.'s Opp'n at 4). Plaintiff argues

---

[2] Existing case law deals with the statute of limitations (*Cornett v. Hovensa, LLC*, 2012 WL 2865887, at *3 (D.V.I. July 12, 2012); *Jensen v. Virgin Islands Water & Power Auth.*, 2009 WL 4981842, at *3 (V.I. Dec. 10, 2009)) or the existence of a private cause of action (*Dyer v. Arcos Dorados Puerto Rico, Inc.*, 2015 WL 3948299, at *6 (D.V.I. June 26, 2015) (finding that there is a private right of action under 10 V.I.C. § 64(1)(a)) (overturning *Fraser v. Kmart Corp.*, 2009 WL 1124953, at *3 (D.V.I. Apr. 24, 2009) ("a civil action cannot be brought directly in court for violation of 10 V.I.C. § 64.")).

his supervisor made disparaging, age-related comments, disciplined Plaintiff and not his younger colleagues, and replaced Plaintiff with younger employees. (*Id.* at 7–10; Pl.'s Facts ¶¶ 50–52). Plaintiff further alleges that Camacho gave preferential treatment to younger colleagues by socializing with them prior to work, helping during their shifts but not helping Plaintiff, extending Plaintiff's route and no one else's, permitting younger persons to earn overtime but not allowing Plaintiff to do so, and ignoring Plaintiff or only addressing him in a loud, abrasive manner. (Pl.'s Facts ¶¶ 18–21). Defendant denies the relevance and underlying facts of those allegations. (Def.'s Resp. to Pl.'s Facts ¶¶ 18–21 (referencing Bass Depo. Pp. 131–35, 211–13, 215–18); Def.'s Reply at 15, ECF No. 81).

Because of the dispute about the material facts and weight of the evidence on this claim, summary judgment on the VICRA age discrimination claim must be denied.

### 2. Hostile Work Environment

As Plaintiff admits, it is not clear that there is a hostile work environment claim under VICRA. (Pl.'s Opp'n at 25, ECF No. 79). This Court will not create a new cause of action under Virgin Islands law. Therefore, the hostile work environment claim under VICRA will be granted.

## III. Wrongful Discharge (Count IV)

Under the Virgin Islands Wrongful Discharge Act, the plaintiff must show that he was discharged. *Rennie v. Hess Oil Virgin Islands Corp.*, 62 V.I. 529, 543 (2015). There is "a presumption that an employee has been wrongfully discharged if discharged for any reason other than those listed in Section 76(a)." *Id.* at 542–43. "[T]he permissible grounds for discharge set forth in sections 76(a)(1)-(9) and 76(c) [a]re affirmative defenses that the defendant [is] required to plead and prove." *Id.* at 543.

Defendant argues that Plaintiff's delivery of unauthorized packages constituted negligent performance of his work assignments in violation of section 76(a)(5). (Def.'s Br. at 15, ECF No. 64). Plaintiff disputes the argument that he was negligent and argues that he was performing consistent with office practice and that he believed the second package had cleared Customs, based on the representations of a colleague. (Def.'s Reply to Pl.'s Resp. to Def.'s Facts ¶¶ 15, 20, 32; Def.'s Resp. to Pl.'s Facts ¶¶ 29, 31–34, 61, 64, 65). However, Plaintiff does not dispute that he knew that packages had to clear Customs and he delivered packages that had not cleared Customs. (Def.'s Reply to Pl.'s Resp. to Def.'s Facts ¶¶ 20–21, 55–60, 63; Def.'s Resp. to Pl.'s Facts ¶¶ 44, 66, 71). Whether this was negligent is a question of fact. Thus, summary judgment will be denied on this claim.

## IV. COBRA (Count V)

Under COBRA, an employer must provide a terminated employee with notice to elect continuation health insurance coverage within forty-four days of discharge. 29 U.S.C. §§ 1161–69. Defendant claims it gave Plaintiff the necessary paperwork within the allotted time, and Plaintiff elected not to exercise the option. (Def.'s Facts ¶ 39). Plaintiff claims that Defendant did not send the necessary paperwork until months later, and Plaintiff would have selected whichever option he could afford. (Pl.'s Resp. to Def.'s Facts ¶ 39, ECF No. 80). The parties both cite to Plaintiff's deposition, pages 226–27, to support their respective claims. (*Id.*). Plaintiff was fired on February 18, 2014. (Def.'s Resp. to Pl.'s Facts ¶ 72, ECF No. 82). Defendant submitted to the Court a COBRA Notice, addressed to Plaintiff and dated March 6, 2016. (Def.'s Facts, Ex. F, ECF No. 65). In his deposition at pages 226 and 227, Plaintiff stated that he received the notice "the following month or two months after, but when I received those papers, my insurance has [*sic*] been cancelled." (Def.'s Facts, Ex. C, 226:11–13). This is

8

insufficient to determine definitively that Plaintiff did or did not receive the notice within the allotted time. Summary judgment will be denied on the COBRA claim.

## **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment (ECF No. 64) will be granted in part and denied in part. A corresponding order will follow.

Date: 5/10/17

*/s/ Anne E. Thompson*
ANNE E. THOMPSON, U.S.D.J.