NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF ST. CROIX

| | |
|---|---|
| JOSEPH BASS,<br><br>               Plaintiff,<br><br>v.<br><br>FEDERAL EXPRESS CORPORATION,<br><br>               Defendant. | Civ. No. 14-0060<br><br>**MEMORANDUM OPINION** |

THOMPSON, U.S.D.J.[1]

This matter comes before the Court upon a motion for sanctions and motion to compel by Plaintiff Joseph Bass ("Plaintiff"). (ECF Nos. 99, 100.) Defendant Federal Express Corporation ("Defendant" or "FedEx") opposes. (ECF Nos. 101, 102.) The Court has issued the Opinion below based upon the written submissions without oral argument pursuant to Federal Rule of Civil Procedure 78(b). For the reasons stated herein, Plaintiff's Motions are denied.

## BACKGROUND

This action arises out of Defendant's termination of Plaintiff's employment, which Plaintiff claims to be the product of unlawful age discrimination. The Court granted in part and denied in part summary judgment on May 11, 2017, leaving for trial Plaintiff's claims of age discrimination and hostile work environment under the Virgin Islands Civil Rights Act, wrongful discharge, and violations of COBRA. (*See* ECF No. 88, 89.) The Court wrote to the parties on November 29, 2017 regarding the location for trial. (ECF No. 90.) Pursuant to Plaintiff's

---

[1] The Honorable Anne E. Thompson, United States District Judge for the District of New Jersey, sitting by designation.

1

subsequent request and without Defendant's objection, the Court directed the parties to re-mediate in early 2018 and provide a status update. (ECF No. 93.)

Mediation took place on February 1, 2018 before Mediator David E. Nichols, Esq., and Plaintiff, Plaintiff's counsel, and Defendant's trial counsel Daniel Riederer attended. (ECF No. 98.) Immediately thereafter, Plaintiff filed a Motion for Sanctions for Failure to Properly Appear at Mediation and a Motion to Compel Investigation File and Personnel File of Dean Camacho. (ECF Nos. 99, 100.) These Motions are presently before the Court.

## DISCUSSION

### I. Motion for Sanctions

Plaintiff moves for sanctions pursuant to Local Civil Rule 3.2 for Defendant's failure to properly appear at mediation, and in the alternative, failure to negotiate in good faith for appearing alone and in violation of the *pro hac vice* rules for appearance under Local Civil Rule 83.1. Local Civil Rule 3.2 authorizes the court to impose sanctions where "a party, without good cause, fails to appear at a duly noticed mediation conference or fails to participate in the mediation in good faith." L. Civ. R. 3.2(2). To be "deemed to appear," a party must have physically present a representative with full settlement authority and where applicable, an insurance carrier representative. *Id.* 3.2(2)(A)–(B). Here, Defendant was duly represented by Mr. Riederer, counsel for FedEx who is intimately involved with and knowledgeable of the facts, and according to Defendant's certifications, has full authority to settle unilaterally. (Reed Decl. ¶¶ 5–7, ECF No. 101-1.) Despite Plaintiff's assertions (*see* Pl.'s Reply at 3, ECF No. 104), the Court sees no reason to question Mr. Riederer's authority or doubt that this is in fact the corporate counsel structure used by FedEx. Accordingly, Defendant properly appeared at mediation, as represented Mr. Riederer who satisfies the requirements of Rule 3.2.

Next, Rule 83.1 governs the admission of attorneys *pro hac vice* in this District, pursuant to which "[a]n attorney admitted *pro hac vice* to the bar of the Court may file papers, enter appearances for parties, sign stipulations, or sign and receive payments on judgments, decrees or orders." L. Civ. R. 83.1(b)(2). Mr. Riederer was admitted *pro hac* in this case on December 19, 2014. (ECF No. 17.) Therefore, he is authorized to represent Defendant and appear before this Court. Plaintiff's claim that he needed oversight by local counsel to do so is unavailing. The rule only requires such oversight or approval in the filing of documents. *Id.* Therefore, Mr. Riederer's presence without local counsel was not improper such that it may be said to violate the requirement of good faith mediation under Rule 3.2. Furthermore, there are no other indications Defendant acted egregiously or in bad faith under 3.2, and the Court sees no reason to exercise its inherent sanction authority. *See Hargus v. Ferocious and Impetuous, LLC*, 2015 WL 5735647, at *2 (D.V.I. Sept. 30, 2015) (declining to impose sanctions for failure of old insurance carrier to appear at mediation or for bad faith absence). The Motion for Sanctions is denied.

## II. Motion to Compel

Plaintiff moves to compel production of the investigative and personnel files of Dean Camacho, related to Mr. Camacho's termination for sexual harassment. Defendant argues that this information is not germane or proportional to this case. (Def.'s Opp'n to Mot. Compel at 2, ECF No. 102.) In the alternative, Defendant argues the motion is moot because it has provided the files requested. (*Id.* at 3.)

Rule 26 permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Parties may move the court for an order compelling discovery where there have been good faith efforts made to confer and obtain discovery without the court's involvement. *Id.* 37(a). Mr. Camacho

was the FedEx St. Croix Manager at the time Plaintiff was terminated; therefore Plaintiff claims these documents are relevant to his credibility as a witness. (*See* Pl.'s Mot. Compel at 2, ECF No. 100.) Trial tactics such as impeachment, however, do not meet the scope of discovery under the Federal Rules, and the Court does not see what value these files will provide Plaintiff with respect to proving his claims or defenses. Moreover, Defendant properly supplemented the record with documentation of Mr. Camacho's suspension and subsequent termination on April 27, 2017. *See* Fed. R. Civ. P. 26(e)(1)(a). (Def.'s Opp'n to Mot. Compel at 2–3; Ex. B, ECF No. 102-1.) To demand Defendant provide even more information, including details of the investigation of sexual harassment claims against Mr. Camacho (Pl.'s Reply Mot. Compel at 2, ECF No. 103), is not proportional to the subject matter of this action. Moreover, this Motion is improper under Rule 37 because Plaintiff failed to pursue communications from last May before filing this Motion, and Defendant never refused to produce the documents requested. (*See* Pl.'s Exs. 1–3, ECF Nos. 100-1, -2, -3; Def.'s Opp'n to Mot. Compel at 3.) The Motion is denied.

Although Defendant asserts that it sent the documents requested (*see* Ex. C, ECF No. 102-3), Plaintiff claims he has not received them (Pl.'s Reply Mot. Compel at 2, ECF No. 103). Because the Court has denied Plaintiff's Motion to Compel, Defendant need not produce another copy of the files if Plaintiff does not receive Defendant's DVD. Defendant also need not furnish any additional materials from Mr. Camacho's personnel and investigative files.

## CONCLUSION

For the reasons stated above,

IT IS, on this 15th day of March, 2018,

ORDERED that Plaintiff's Motions (ECF Nos. 99, 100) are DENIED.

                                                  /s/ Anne E. Thompson
                                                  ANNE E. THOMPSON, U.S.D.J.

4